### ED SACKS v. THE STATE.

#### No. 5036.        Decided June 19, 1918.

**Cord Wood—False Measure—Rule Stated.**

The law does not require that in order to ascertain that a quantity of wood is a cord that it shall be piled eight feet long, four feet high and four feet wide, but any other measurement or pile that contains a full cord would be sufficient, and where the evidence showed that the defendant did not use a false measurement, the conviction could not be sustained.

Appeal from the County Court at Law No. 1 of Harris. Tried below before the Hon. Walter E. Monteith.

Appeal from a conviction of using false measure for measuring cord wood; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Bradley & Fogle*, for appellant.—On question of definition of false measure: La Grone v. State, 12 Texas Crim. App., 426; Hoskey v. State,

9 id., 202; Kerry v. State, 17 id., 179; McAfee·v. State, 38 Texas Crim. Rep., 124; Stanfield v. State, 43 id., 10; Thompson v. State, 69 Texas Crim. Rep., 31, 152 S. W. Rep., 893; Zweig v. State, 74 Texas Crim. Rep., 306, 171 S. W. Rep., 747.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for using a false measure for measuring cord wood under article 990, P. C.

The complaining witness, Mr. Brown, testified that he ordered from appellant's wood yard in Houston, over the phone, two cords of fire wood, and later in the same day when the bill therefor was presented he paid it. That when he examined the wood later he thought it was less than two cords, and so informed appellant. A few days later he stacked the wood and found that it was one-half cord short. This measurement was still later confirmed by Mr. Lawrence, the sealer of weights and measures for Houston.

A cord of wood is "a measurement of wood containing 128 cubic feet." 9 Cyc., 977. It is otherwise expressed as a pile of wood 8 feet long, 4 feet high and 4 feet wide, which would make, of course, 128 cubic feet.

The uncontradicted proof shows that the appellant had wagon boxes for measuring a cord of wood, the dimensions of which made 164 cubic feet. It was demonstrated, as shown by the testimony that a cord of wood of the dimensions stated, that is 8 feet long, 4 feet high and 4 feet wide, when sawed up into shorter lengths and thrown loosely into the boxes used by appellant, contained fully a cord of wood thus sawed up and thrown in. In other words, the uncontradicted testimony showed that the wagon boxes of appellant which he used on all occasions and on this occasion contained a full cord of wood thrown in loosely as this was.

The law does not require that in order to ascertain that a quantity of wood is a cord that it shall be piled eight feet long, four feet high and four feet wide, but any other measurement or pile that contains a full cord would be. all that was necessary and would be sufficient. So that as we understand it the uncontradicted testimony shows that appellant did not use a false measurement in selling this wood and the evidence is wholly insufficient to sustain the conviction. It is, of course, unnecessary to discuss whether or not in this particular instance appellant might have been guilty of some other offense than that charged. No other question need be discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*